UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alan Simmons, Jr., | Case No. 19-cv-00947-JRT-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| R. Marques, Warden, | |
| Respondent. | |

On April 5, 2019, Alan Simmons, Jr., filed a petition for a writ of habeas corpus arguing that the Bureau of Prisons was improperly refusing to apply additional credit against his sentence for "good time" as required by the First Step Act ("FSA"). (Pet., ECF No. 1.) The Court ordered the government to respond to Mr. Simmons's petition on or before July 22, 2019, a date which was after the July 19 effective date of the FSA. (Order (June 24, 2019), ECF No. 5.)

On July 22, the government filed its response arguing that Mr. Simmons's petition is now moot because the BOP recalculated his release date and awarded him the additional good conduct time provided for by the FSA. (Resp., ECF No. 7.) This recalculation has made Mr. Simmons's projected release date December 19, 2019, instead of the previous date of March 27, 2020. (Resp. at 4–5.)

1

In light of the recalculation of Mr. Simmons's good conduct time, the Court concludes that his petition is moot. *See Newton v. Barnes*, No. 19-cv-1037 (ECT/ECW), 2019 WL 2743712, at *1 (D. Minn. July 1, 2019) ("When … the issues presented in a case lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief, the case is considered moot.") (quotation marks omitted).[1]  Here, Mr. Simmons challenged the alleged failure of the BOP to comply with the First Step Act's requirement to recalculate his good conduct time and to do so prior to the effective date of the statute.  The BOP has now recalculated his good conduct time, resulting in an earlier projected release date, so the Court can no longer grant effective relief.

Accordingly, **IT IS HEREBY RECOMMENDED THAT** Mr. Simmons's Petition for a Writ of Habeas Corpus **[ECF No. 1]** be **DENIED AS MOOT** and this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  Mr. Simmons's "Pro Se Motion for A Public Defender" should similarly be **DENIED AS MOOT**.

Date: October 21, 2019                              *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States Magistrate Judge

---

[1] None of the four exceptions to the mootness doctrine apply under the circumstances of this case. *Newton*, 2019 WL 2743712, at *1–2.